BELCHER *vs.* BLACK *et al.*, for use.

1. The mere fact that a wife buys property belonging to her husband when sold for taxes does not of itself make the sale fraudulent, it appearing that she had separate property.

2. Where a husband's property was sold under a tax *fi. fa.*, and his wife furnished money to an agent with instructions to buy, which he did accordingly, in a subsequent controversy arising under the levy of another *fi. fa.* on the property and the filing of a claim by the wife, it was competent to prove by the agent that at the time of furnishing the money she said it was her own and derived from her own acquisitions.

Husband and Wife. Fraud. Sales. Title. Evidence. Before Judge FLEMING. Decatur Superior Court. November Adjourned Term, 1880.

Reported in the decision.

JNO. E. DONALDSON; R. R. TERRELL, by brief, for plaintiff in error.

O. G. GURLEY, by brief, for defendants.

SPEER, Justice.

Two cost *fi. fas.*, one in favor of Black and one of Charity Floyd, for use of officers of court, *vs.* Belcher & Ferrell, issued 20th January, 1879, on judgments of date 17th October, 1877, from superior court of Miller county, were levied on sixty acres of land as the property of A. P. Belcher, lying in Decatur county, and was claimed by Piety Belcher. The levy was made 26th August, 1879. On the trial, J. L. Belcher swore the land in dispute was in possession of A. P. Belcher, who rented it and collected the rents until 1873 or 1874, when it was sold. Since it has been held by his wife, Piety Belcher, who has rented it and collected rents since, and who lived with A. P. Belcher up to his death. The *fi. fa's* levied were read and

plaintiff closed. Claimant then offered a tax *fi. fa.* of the year 1875 *vs.* A. P. Belcher, dated 1st January, 1876, levied 3d October, 1876, on property in dispute, pointed out by defendant; also an entry on *fi. fa.* by sheriff of sale of land to claimant for $31.00. Also a sheriff's deed to Piety Belcher for the land so sold and purchased, dated 7th November, 1876, and duly recorded.

.J. L. Belcher testified that as agent of claimant, he bought the property for her at the tax sale, and took deed in her name, the money to pay for it was given to him by her; that at the time she said (her sayings ruled out); A. P. Belcher was confined by paralysis; had an income from some property of his own. Claimant had means of her own. Had a truck patch on the lot she claimed as her own, adjoining the one they lived on, from which she realized money. She made money by her needle, and had property in Thomasville, from which she received rents. O'Neal swore he boarded with claimant, and paid her $15.00 per month.

Under this evidence, the case was submitted to the court by agreement without the intervention of a jury, who rendered a judgment finding the property subject, and entered judgment against claimant and her security on claim bond for the costs. Whereupon claimant moved for a new trial,

(1.) Because the court erred in not ruling out the *fi. fas.*

(2.) Because the court refused to dismiss the levies when plaintiffs in *fi. fa.* closed their testimony.

(3.) Because the court refused to let J. L. Belcher testify that at the time he received said money of claimant to buy said land she said it was her own money and derived from her own acquisitions.

(4.) Because the verdict was contrary to law, evidence and the weight of evidence.

The motion for new trial was overruled by the court, and claimant excepted.

In looking carefully through this record we cannot see

sufficient evidence upon which to predicate the condemnation of the property in dispute to these *fi. fas.* It appears that the judgment against the defendant in *fi. fa.* was not rendered until the 17th of October, 1877, and rendered in the superior court of Miller county. It further appears that this land was levied on by a tax *fi. fa.* against the defendant for the year 1875; the *fi. fa.* was dated 1st January, 1876, and was levied on this land on 3d October, 1876, sold on the first Tuesday in November, 1876, and purchased by the claimant, who took a sheriff's deed under said sale, and had the same recorded 9th of November, 1876, nearly twelve months before the existence of the judgments now seeking to condemn it. It further appears that claimant, though the wife of defendant in *fi. fa.*, had separate means and property of her own to raise the money she paid for the land. Under this proof we are not prepared to pronounce her conveyance fraudulent and void, which must be done to subject this property. We will not presume it fraudulent merely because the wife of the defendant in *fi. fa.* became the purchaser at this judicial sale. Under the law she is a *feme sole* as to her separate property, and if with it or its proceeds she chooses to purchase *bona fide* at a judicial sale the property of her improvident husband, we are not prepared to condemn the transaction as fraudulent in the absence of all proof making it so. Neither can we agree with the court in ruling out and not considering the testimony of the agent, who, when he received the money from her to buy the land purchased would have testified, "she said it was her own money, realized from her own acquisitions." We think this declaration was competent evidence as accompanying the act of furnishing the money for the purchase. Code, §3773; 62 *Geo.*, 257; 64 *Ib.*, 410.

Let the judgment of the court below refusing a new trial be reversed.